**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PURVIN SHAH, DO,

        Plaintiff,

v.	Case No. 3:14-cv-1081-J-34JRK

ORANGE PARK MEDICAL CENTER, and
INTENSIVE CARE CONSORTIUM, INC.,

        Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on several matters.  On December 9, 2014, with leave of Court, Plaintiff Purvin Shah, DO (Shah) filed Plaintiff's First Amended Complaint and Jury Demand (Doc. 33; Amended Complaint).  Defendants Orange Park Medical Center, Inc. (OPMC) and Intensive Care Consortium, Inc. (ICC) filed motions to dismiss the Amended Complaint on January 9, 2015.  See Defendant Orange Park Medical Center, Inc.'s Dispositive Motion to Dismiss Amended Complaint (Doc. 40; OPMC Motion); Defendant Intensive Care Consortium, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 41; ICC Motion).  Shah filed responses in opposition to the Motions on January 30, 2015.  See Plaintiff's Response and Brief in Opposition to Defendant Orange Park Medical Center, Inc.'s Motion to Dismiss (Doc. 47; Response to OPMC); Plaintiff's Response and Opposition to Defendant Intensive Care Consortium, Inc.'s Motion to Dismiss (Doc. 51; Response to ICC).  In addition, on January 29, 2015, Shah filed Plaintiff's Motion for Leave of Court to File Affidavits in Support of Plaintiff's Response and Opposition to Defendants, Orange Park Medical Center, Inc.'s and Intensive Care Consortium, Inc's Motions to Dismiss

(Doc. 46; Motion for Leave). In the Motion for Leave, Shah requests leave to file four affidavits in support of his Responses to the Motions to Dismiss. OPMC and ICC oppose the Motion for Leave. See Defendants' Response to Plaintiff's Motion for Leave of Court to File Affidavits in Support of Plaintiff's Response to Defendants' Motion to Dismiss (Doc. 50; Response to Motion for Leave), filed January 30, 2015.

The Court first notes that Shah fails to include a memorandum of law in support of the Motion for Leave, as required by Local Rule 3.01(a), United States District Court, Middle District of Florida (Local Rule(s)).[1] As such, the Court could deny the Motion for Leave on this basis alone. Nonetheless, upon review of the Motion for Leave, the Court determines that the Motion is due to be denied because it is without merit. The Motions to Dismiss are brought pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure (Rule(s)), and are premised on the argument that the Amended Complaint fails to state a claim upon which relief can be granted. See OPMC Motion at 1; ICC Motion at 1. Both Motions concern the sufficiency of the allegations in the Amended Complaint and do not rely on any evidence external to the Amended Complaint to support the legal arguments presented.[2] See

---

[1] Local Rule 3.01(a) provides that:

> In a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request, all of which the movant shall include in a single document not more than twenty-five (25) pages.

See Local Rule 3.01(a) (emphasis added).

[2] The OPMC Motion does attach two exhibits. However, Exhibit A concerns a collateral matter, not relevant to the legal arguments raised, and Exhibit B is a letter that Shah attached to the original Complaint. See Plaintiff's Complaint and Jury Demand (Doc. 1), Ex. A. Although the Amended Complaint cites to this document as well, the letter was not included with that filing, apparently by mistake. See Amended Complaint ¶ 106. As such, OPMC filed this document with its Motion for ease of reference. See OPMC Motion at 8 n.7; see also Response to Motion for Leave at 2 n.1. ICC attaches these same exhibits to its Motion, however it
(continued...)

generally OPMC Motion; ICC Motion. When reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must limit its consideration to the complaint, the written instruments attached to it as exhibits, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" See Jozwiak v. Stryker Corp., No. 6:09-cv-1985-Orl-19GJK, 2010 WL 743834, at *2 (M.D. Fla. Feb. 26, 2010) (quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)). If matters outside the pleadings are presented on a Rule 12(b)(6) motion to dismiss, the Court must either exclude the materials or treat the motion as one for summary judgment under Rule 56. See Rule 12(d). Under the circumstances presented here, because discovery is ongoing and the evidentiary record is still being developed, the Court finds it inappropriate to convert the instant Motions to Dismiss into motions for summary judgment under Rule 56.[3] See Jozwiak, 2010 WL 743834 at *4. Accordingly, at this stage of the proceedings, the Court will not consider the affidavits that Shah submitted and will deny the Motion for Leave.

---

[2](...continued)
appears that ICC did so inadvertently. See Defendant Intensive Care Consortium, Inc.'s Notice of Striking Exhibits 41-1 and 41-2 to Docket Entry 41, Intensive Care Consortium, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 42). Because one exhibit is not relevant to the legal arguments, and the other is a document incorporated into the Amended Complaint, this evidence does not warrant converting the Motions to Dismiss into motions for summary judgment, as discussed below.

[3] Indeed, Shah states in his Motion for Leave that he "will be unable to respond to OPMC's and ICC's allegations contained in their motions without being allowed to conduct discovery and depositions." See Motion for Leave at 2. Shah appears to fundamentally misunderstand the purpose of a Rule 12(b)(6) motion to dismiss. Motions to dismiss for failure to state a claim test the sufficiency of the allegations in the subject complaint. See McGowan v. Homeward Residential, Inc., 500 F. App'x 882, 884 (11th Cir. 2012). In considering the Motions to Dismiss, the Court will accept the allegations in the Amended Complaint as true and construe all reasonable inferences in Shah's favor. See Castro v. Sec'y of Homeland Sec., 472 F.3d 1334, 1336 (11th Cir. 2006). As such, Shah need not submit evidence to support those allegations at this stage in the proceedings. To the extent Shah is attempting to use the affidavits to supplement the allegations in the Amended Complaint, this tactic is inappropriate. If Shah believes additional allegations are necessary to adequately state his claims, then he should seek leave to file an amended complaint.

In addition, upon review of Shah's Response to OPMC and Response to ICC, the Court notes that within the body of the Responses, Shah seeks leave to amend the Amended Complaint. See Response to OPMC (Doc. 47) at 16; Response to ICC (Doc. 51) at 12. Although not addressing the merits of the arguments presented at this time, the Court takes the opportunity to advise Shah that the inclusion of these requests for affirmative relief in the Responses rather than filing a motion is improper. See Rule 7(b)(1); see also Rosenberg v. Gould, 554 F.3d 962, 967 (11th Cir. 2009) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.") (quoting Posner v. Essex Ins. Co., 178 F.3d 1209, 1222 (11th Cir. 1999)). Moreover, Shah has failed to comply with Local Rule 3.01(g) with respect to the request to amend the Amended Complaint. Accordingly, the request to amend the Amended Complaint is not properly before the Court and will not be considered. If Shah believes that a second amended complaint may cure the alleged deficiencies identified by OPMC and ICC, he may file an appropriate motion seeking this relief, if necessary,[4] after complying with Local Rule 3.01(g).

Finally, the Court notes that on January 9, 2015, ICC filed Defendant Intensive Care Consortium, Inc.'s Notice of Striking Exhibits 41-1 and 41-2 to Docket Entry 41, Intensive Care Consortium, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 42;

---

[4] Even if it were proper to include a request for leave to amend in a response, the request would otherwise be denied based upon Shah's failure to satisfy the requirement that "[a] motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999); see also McGinley v. Fla. Dep't of Highway Safety and Motor Vehicles, 438 F. A'ppx 754, 757 (11th Cir. 2011) (affirming denial of leave to amend where plaintiff did not set forth the substance of the proposed amendment); United States ex. rel. Atkins v. McInteer, 470 F. 3d 1350, 1361-62 (11th Cir. 2006) (same).

Notice), which the Court construes as a motion to strike. In the Notice, ICC requests that the Court strike Exhibits A (Doc. 41-1) and B (Doc. 41-2) to its Motion to Dismiss because "the exhibits were inadvertently filed" with the ICC Motion and "are not pertinent to ICC's Motion to Dismiss." See Notice at 1. However, ICC failed to provide certification under Local Rule 3.01(g), confirming that it has conferred with Shah in a good faith effort to resolve the issue raised by the Notice and advising the Court whether Shah agrees to the relief requested. Therefore, as ICC has failed to comply with the Local Rules, its request will be denied without prejudice. Accordingly, it is

**ORDERED**:

1. Plaintiff's Motion for Leave of Court to File Affidavits in Support of Plaintiff's Response and Opposition to Defendants, Orange Park Medical Center, Inc.'s and Intensive Care Consortium, Inc's Motions to Dismiss (Doc. 46) is **DENIED**.

2. To the extent Plaintiff's Response and Brief in Opposition to Defendant Orange Park Medical Center, Inc.'s Motion to Dismiss (Doc. 47), and Plaintiff's Response and Opposition to Defendant Intensive Care Consortium, Inc.'s Motion to Dismiss (Doc. 51) seek leave to amend the Amended Complaint, such request is **DENIED, without prejudice**.

3. Defendant Intensive Care Consortium, Inc's Notice of Striking Exhibits 41-1 and 41-2 to Docket Entry 41, Intensive Care Consortium, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint, construed as a Motion to Strike, is **DENIED, without prejudice,** for failure to comply with Local Rue 3.01(g).

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of April, 2015.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties